# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

_____

ROBERT G. HUBBARD, JR.,   CV 12-36-M-JCL

    Plaintiff,

  vs.   ORDER

JAY C. SHEFFIELD, Justice
of the Peace; JOSEPH CIK,
Deputy County Attorney;
LT. ROGER GUCHES;
DEPUTY TRAVIS SMITH;
SHERIFF ROBY BOWE;
CAROL RAMOS; LINCOLN
COUNTY ATTORNEY OFFICE;
LINCOLN COUNTY JUSTICE COURT #1;
LINCOLN COUNTY SHERIFF OFFICE;
LINCOLN COUNTY VICTIM/WITNESS
DEPARTMENT; and LINCOLN COUNTY,

    Defendants.
_____

This matter is before the Court on the Fed. R. Civ. P. 12(b)(6) motion to dismiss filed by Defendants Lincoln County Attorney's Office, Lincoln County Sheriff's Office, Lincoln County Justice Court No. 1, and Lincoln County Victim/Witness Department. For the reasons discussed, the motion is granted in part, and those Defendants are dismissed.

## I. BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff Robert G. Hubbard, Jr. is proceeding pro se in this action. By Order entered April 12, 2012, the Court granted Hubbard leave to proceed in forma pauperis under 28 U.S.C. § 1915(a).

This action arises from circumstances surrounding criminal charges prosecuted against Hubbard in Libby, Lincoln County, Montana. The substance of his complaint alleges Defendants Justice of the Peace Jay Sheffield, Lincoln County Sheriff Roby Bowe, Lt. Roger Guches, and Deputy Travis Smith conspired to arrest Hubbard without probable cause. Then Defendant Deputy County Attorney Joseph Cik allegedly and wrongfully commenced a criminal prosecution against Hubbard without sufficient evidence to support the prosecution. Cik and Defendant Carol Ramos, a Lincoln County child victim advocate, allegedly tampered with witnesses to support the criminal prosecution.

Hubbard alleges Defendants then engaged in a separate subsequent unlawful criminal investigation and prosecution against him. He alleges Bowe and Guches again conspired to unlawfully arrest Hubbard without probable cause, and for the purpose of coercing Hubbard to plead guilty to the charges in the first criminal prosecution.

2

Hubbard states that he successfully defended himself in both referenced criminal prosecutions. After a trial Hubbard was acquitted on the first charges, and Hubbard states the second prosecution was dismissed by the City Attorney.

Hubbard alleges Defendants are liable under 42 U.S.C. § 1983 for violations of his civil rights protected under the United States Constitution. He also alleges Defendants are liable for negligence under Montana law.

## II. APPLICABLE LAW

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal for failure to state a claim under Rule 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, a plaintiff's complaint must have sufficient facts "to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). The court accepts all factual allegations in the complaint as true and construes the pleadings in the light most favorable to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Conclusory allegations and unwarranted inferences, however, are insufficient to

defeat a motion to dismiss. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011).

Additionally, because Hubbard is proceeding pro se the Court must construe his allegations liberally, and his pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

## III.  DISCUSSION

Defendants Lincoln County Attorney's Office, Lincoln County Sheriff's Office, Lincoln County Justice Court No. 1, and Lincoln County Victim/Witness Department (Lincoln County Departments) move for an order dismissing them from this action on the basis that they lack the legal capacity to be sued. The Court agrees in part, and dismisses all of the Lincoln County Departments.

### A.  Capacity to be Sued

In general, pursuant to Fed. R. Civ. P. 17(b), a particular defendant's capacity to be sued in federal court is determined by the law of the state where the

4

court is located.  *Streit v. County of Los Angeles*, 236 F.3d 552, 565 (9th Cir. 2001).  Thus, in resolving the Lincoln County Departments' motion, the Court must rely on Montana law.

Montana law establishes a statutory structure for subjecting state, county, city, and municipal governmental entities to liability.  In specified circumstances "[e]very governmental entity is subject to liability for its torts and those of its employees acting within the scope of their employment or duties[.]"  Mont. Code Ann. § 2-9-102.  For purposes of this liability, a "governmental entity" includes "the state and political subdivisions."  Mont. Code Ann. § 2-9-101(3).  A "political subdivision", in turn, is "any county, city, municipal corporation, school district, special improvement or taxing district, or other political subdivision or public corporation."  Mont. Code Ann. § 2-9-101(5).

As a "political subdivision" of the State of Montana, Lincoln County may "sue and be sued[.]"  Mont. Code Ann. §§ 7-1-2101(1) and 7-1-2103(1).

The Lincoln County Departments, by contrast, are not included within the definitions of a "governmental entity" or a "political subdivision" and, therefore, are not included within the category of entities that are subject to liability under Mont. Code Ann. § 2-9-102.  Hubbard himself alleges only that each of the Lincoln County Departments is a "local government agency for Lincoln County,

5

Montana." Dkt. 1 at 2. For purposes of the present Rule 12(b)(6) motion to dismiss, the Court will construe this allegation as a factual matter that the Court accepts as true. Thus, Hubbard's allegations establish that the Lincoln County Departments are merely subunits of Lincoln County. Consequently, only Lincoln County, and not the individual Lincoln County Departments, would be subject to liability for the torts of its officers and employees within the various departments of the county. Mont. Code Ann. § 2-9-102.

Similarly, the Lincoln County Departments are not separately subject to liability for Hubbard's federal claims advanced under 42 U.S.C. § 1983. Section 1983 imposes liability against every "person" as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]

42 U.S.C. § 1983.

For purposes of liability under section 1983, "municipalities and other local governmental units" are "persons" within the meaning of the statute, and can be sued for damages. *Monell v. Dept. of Social Services*, 436 U.S. 658, 690 (1978). But the subunits or departments of those local governmental units are not

6

"persons" "distinct from the government[al unit] at large." *Burkhart v. Knepper*, 310 F. Supp. 2d 734, 738 (W.D. Pa. 2004) (citations and quotations omitted). For purposes of section 1983 liability, those subunits or departments are merely the "vehicle[s] through which the [governmental entity] fulfills its [...] functions." *Id*. Thus, where a subunit or department of a governmental entity has no legal existence separate from the larger governmental entity, it is not a "person" under section 1983, and is subject to dismissal. *Stump v. Gates*, 777 F. Supp. 808, 815 (D. Colo. 1991). *See also Brandon v. Holt*, 469 U.S. 464, 472 (1985) (noting that absent the separate legal existence of a governmental entity's department, a suit against that department is construed as a suit against the governmental entity) (citing *Monell*, 436 U.S. at 690 n.55). A governmental entity's department or subunit is an inappropriate party to a section 1983 action. *Alston v. County of Sacramento*, 2012 WL 2839825, *2 (E.D. Cal. 2012). Section 1983 claims against those departments or subunits are unnecessary as they are duplicative of the claims against the larger governmental entity of which they are a part. *Carroll v. City of Hercules*, 2012 WL 1122019, *2 (N.D. Cal. 2012).

Because the Lincoln County Departments do not exist as governmental entities or political subdivisions with the capacity to be sued under Montana law, Mont. Code Ann. §§ 2-9-101(3) and (5) and 2-9-102, they are not proper

defendants with respect to Hubbard's section 1983 claims, and they must be dismissed.

The Court notes Hubbard has presented several arguments in opposition to the Lincoln County Departments' motion. Hubbard suggests the dismissal of the Lincoln County Departments from this action will improperly and adversely affect the application of the $750,000 cap on damages for which a governmental entity is liable as imposed under Mont. Code Ann. § 2-9-108. Also, Hubbard argues that the dismissal of the Lincoln County Departments will impair his ability to obtain discovery from those subunits of Lincoln County, and will force him to sue numerous individuals within the Lincoln County Departments. The Court concludes these arguments, however, are of no legal consequence with respect to the independent legal issue of whether any of the Lincoln County Departments possess the capacity to be sued under either Montana law or section 1983.

### B. Eleventh Amendment Immunity - Justice Court

The Lincoln County Departments include Defendant Lincoln County Justice Court #1 (Justice Court) within their motion asserting it also lacks the capacity to be sued. As a matter of law, however, the Justice Court is an arm of the State of Montana, not Lincoln County. Therefore, the Lincoln County Departments' motion, predicated upon the allegation that they are agencies of Lincoln County,

does not resolve the issue of whether the Justice Court is subject to dismissal for the reasons asserted in the motion.

Nonetheless, because Hubbard is proceeding in forma pauperis the Court has authority under 28 U.S.C. § 1915(e)(2) to screen the legal sufficiency of Hubbard's allegations against the Justice Court. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005). The Court may dismiss claims where the pleading "fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(ii). For the reasons discussed, Hubbard's claims against the Justice Court are barred as a matter of law and, thus, fail to state a claim for relief.

"The Eleventh Amendment has been authoritatively construed to deprive federal courts of jurisdiction over suits by private parties against unconsenting States." *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 952 (9th Cir. 2008) (citing *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996)). The Supreme Court has "consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Consequently, absent waiver of this Eleventh Amendment immunity, neither a state, nor governmental entities which are considered "arms of the state," may be subject to suit in federal court. *Will v. Michigan Department of State Police*, 491 U.S. 58, 70 (1989).

Significantly, and as applied to Hubbard's claims, the Justice Court is one of the several "courts of justice of this state[,]" and thus is an "arm[] of the state" for purposes of the Eleventh Amendment. Mont. Code Ann. § 3-1-101(5). *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (citing *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (1987)). Therefore, the Justice Court is immune from suit in this Court.

"In deciding whether a State has waived its constitutional protection under the Eleventh Amendment, [a federal court] will find waiver only where stated 'by the most express language or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction.'" *Edelman*, 415 U.S. at 673 (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)).

Here, no express waiver of the State of Montana's Eleventh Amendment immunity exists in the law of Montana. Montana's limited waiver of immunity for tort actions in its own courts, as set forth in Article II, Section 18 of Montana's Constitution and Mont. Code Ann. §§ 2-9-101 et seq., does not constitute a waiver of the State's Eleventh Amendment immunity. *State of Montana v. Peretti*, 661 F.2d 756, 758 (9th Cir. 1981) and *Ward v. Montana State Prison*, 2008 WL 564692, *3 (D. Mont. 2008).

In accordance with the foregoing legal authority, Defendant Justice Court is an arm of the State of Montana. Therefore, the immunity established by the Eleventh Amendment bars Hubbard's claims against the Justice Court, and it is dismissed from this action.

**IV.** **CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that the Lincoln County Departments' motion to dismiss is GRANTED with respect to Defendants Lincoln County Attorney's Office, Lincoln County Sheriff's Office, and Lincoln County Victim/Witness Department, and those Defendants are DISMISSED. The motion is DENIED as to Defendant Lincoln County Justice Court No. 1.

Pursuant to 28 U.S.C. § 1915(e)(2)(ii), and the immunity provided under the Eleventh Amendment to the United States Constitution, IT IS HEREBY ORDERED that Defendant Lincoln County Justice Court No. 1 is DISMISSED.

DATED this 20th day of July, 2012.

Jeremiah C. Lynch
United States Magistrate Judge