IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ROBERT G. HUBBARD, JR., <br><br> Plaintiff, <br><br> vs. <br><br> JAY C. SHEFFIELD, Justice of the Peace; JOSEPH CIK, Deputy County Attorney; LT. ROGER GUCHES; DEPUTY TRAVIS SMITH; SHERIFF ROBY BOWE; CAROL RAMOS; LINCOLN COUNTY MONTANA; DEPUTY SCOTT REBO; JOHN DOES 1-10; and JANE DOES 1-10, <br><br> Defendants. | CV 12–36–M–JCL <br><br> ORDER |

Before the Court are Defendants Roby Bowe, Roger Guches, Scott Rebo, Travis Smith, Carol Ramos, Jay Sheffield, Joseph Cik, and Lincoln County's Motions in Limine, and Defendants Bowe, Sheffield, Rebo and Lincoln County's Motion to Quash Subpoenas.

As a preliminary matter, the Court notes that Plaintiff Robert Hubbard did not file a brief in opposition to either of the two motions, and the time for doing so has passed. Under Local Rule 7.1(d)(1)(B), a party's "failure to file a response

1

brief may be deemed an admission that the motion is well-taken." Therefore, the Court will deem Hubbard's failure to respond to either motion as an admission to the merits of the motions.

In their Motions in Limine, Defendants request an order precluding the introduction of evidence or testimony at trial with respect to the following matters: (1) the existence, or nonexistence, of insurance to cover Defendants' liability alleged in this case; (2) evidence of any offer of compromise in this case; (3) the "Golden Rule"; (4) legal opinions or conclusions; (5) evidentiary materials that Hubbard was requested, or required, to disclose and produce to Defendants, but failed to do so; (6) the existence of any motion to exclude evidence filed in this case; (7) Criminal Justice Information Network documents reflecting the times that Defendants accessed Hubbard's criminal history records; (8) documents from the Montana Peace Officers' Standards and Training Council relative to Lincoln County Sheriff's Office Deputies who are not involved in this litigation; and (9) the Domestic Violence Field Guide published by the Montana Law Enforcement Academy.

Having reviewed Defendants' Motions in Limine, and in the absence of Hubbard's opposition to the motions, the Court concludes the requested evidentiary exclusions are warranted. With respect to matter number 5, the Court

notes that Fed. R. Civ. P. 37(c)(1) mandates that if a party fails to provide information as required by Fed. R. Civ. P. 26(a) or (e), the party is not allowed to use that information at trial "unless the failure was substantially justified or is harmless." Because Hubbard failed to file a response the Court deems it appropriate to grant the Defendants' motion at this juncture subject to Hubbard's right to make the requisite showing of substantial justification or harmless error in the event this matter proceeds to trial. Therefore, IT IS HEREBY ORDERED that Defendants' Motions in Limine are GRANTED.

Defendants Lincoln County, Sheffield, Bowe and Rebo move to quash three subpoenas Hubbard issued on April 24, 2013, which were directed to the Lincoln County Sheriff's Office. Defendants contend the subpoenas seek information protected against discovery, or would impose an undue burden on Defendants because Hubbard issued the subpoenas after the deadline for the close of discovery in this case.

The Court's scheduling order issued August 23, 2012, imposed a deadline of April 19, 2013, for discovery to be completed. The record reflects that Hubbard issued the subject subpoenas on April 24, 2013, without obtaining leave of Court to amend the scheduling order upon a showing of "good cause" as required under Fed. R. Civ. P. 16(b)(4). *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th

Cir. 2000) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992)).  Therefore, IT IS HEREBY ORDERED that the Defendants' motion to quash the three subpoenas referenced in their motion is GRANTED, and the subject subpoenas are QUASHED.

    DATED this 27th day of September, 2013.

                                             Jeremiah C. Lynch
                                             United States Magistrate Judge